JOHN H. LONSKEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lonskey v. Commissioner
Docket No. 1334-83.
United States Tax Court
T.C. Memo 1985-143; 1985 Tax Ct. Memo LEXIS 492; 49 T.C.M. (CCH) 1043; T.C.M. (RIA) 85143; March 26, 1985. *492 Petitioner filed an altered Form 1040 on which he categorizes his wages as "Non-taxable receipts." Held, wages are subject to tax; the tampered form was not a return; additions to tax are found; and damages are awarded to the United States. John H. Lonskey, pro se. Mark E. Rizik, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This case is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121. [1] Petitioner did not file a response to the instant Motion. At the hearing on the Motion for Summary Judgment the Motion was taken under advisement. For convenience our Findings of Fact and Opinion are combined. Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1980 in the amount of $6,724.36. The petition alleges that the Commissioner erred in finding petitioner's wages to be taxable income. The petition also contains other frivolous contentions and requests court costs and disbursements. *493 In the Answer, respondent denied the petition allegations and alleged: (1) That the document petitioner filed is not a tax return and that, therefore, petitioner is liable for an addition to tax of 25 percent of the underpayment pursuant to section 6651(a)(1); and (2) that petitioner is liable for an addition to tax in the amount of $336.22 (i.e., 5 percent of $6,724.36) pursuant to section 6653(a)(1). Respondent also requested that appropriate damages be awarded to the United States under section 6673. Petitioner did not file a reply; therefore, the affirmative allegations in the answer are deemed denied. Rule 37(c). We must first decide whether any genuine issue of material fact exists to prevent our summary adjudication of the legal issues in controversy. Rule 121. If summary judgment is warranted, we must then decide: (1) Whether wages earned by petitioner in 1980 are includable in his gross income for that year; (2) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1); (3) whether petitioner is liable for an addition to tax pursuant to section 6653(a); and (4) whether an award of damages pursuant to section 6673 is merited. Certain facts are *494 not disputed. The undisputed documents supplied by respondent in an affidavit with exhibits filed in connection with the Motion [2] and the undisputed facts in the pleadings constitute the facts used for the purposes of this decision. Rule 121(b). Petitioner *495 resided in Ann Arbor, Michigan, when the petition was filed in this case. During the 1980 taxable year, petitioner was employed by the State of Michigan and received wages totaling $27,945.80. Petitioner submitted to the Internal Revenue Service as his 1980 return, a document which was prepared by making changes to an official Treasury Form 1040 in such fashion (by printing or typing) that the changes may not be readily apparent to a casual reader. In two places in the left margin of this "form" the word "Income" is replaced by "Receipts." On line 9 the words "Interest income" are replaced by the words "Interest receipts," [3] *496 and on line 22 the words "Total income" are replaced by the words "Total receipts." Additionally, lines 23 through 29 have been revised to read as follows: 23 Non-taxable receipts 24 Title 26, Section 1(a)(b)(c)(d) 25 26 27 28 29 Penn Mutual Indemnity Co. v. Comm'r, 32 T.C. (1959) [4] On his purported 1980 return, petitioner inserted the amount of $27,945.80 as "Wages, salaries, tips, etc." and attached a Form W-2 reflecting this amount. On line 23 of this document, petitioner subtracted the identical amount under the heading "Non-taxable receipts." The net effect of these offsetting entries was to create a zero tax liability. Since his employer had withheld against the amounts paid petitioner during 1980, petitioner claimed a refund of $5,899.88. For taxable years 1978 and 1979, petitioner and his spouse reported jointly on official "Treasury Forms 1040" wages they received as taxable income and showed the appropriate tax on such income. These ware timely filed with the appropriate Forms W-2 for each of the years. The threshold issue is whether a motion for summary judgment is appropriate in this case. We conclude that it is. Rule 121. The summary judgment procedure is available even though there is a dispute *497 under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [5] In passing upon such a motion, the factual materials presented "must be viewed in the light most favorable to the party opposing the motion." ; . Since respondent is the movant, he has the burden of proving there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. There is no dispute between the parties as a factual matter that petitioner received wages during 1980 in the amount of $27,945.80, as reflected on the Form W-2 he received from his employer. The only justiciable error that petitioner alleges is that such amounts are not taxable, a legal issue. Petitioner does not question and thereby concedes the authenticity of respondent's evidence attached as exhibits to the *498 submitted affidavit. The pleadings, summary judgment motion, affidavit, and exhibits establish that there is no genuine issue as to any material fact, and we find that a decision may be rendered as a matter of law. The burden of proof is upon petitioner with respect to the deficiency set forth in the statutory notice and upon respondent as to the issues raised in the answer. ; Rule 142(a). Petitioner's frivolous contention that his wages are not taxable has been considered and rejected by this Court in numerous prior cases and merits no further discussion. Section 61; ; ; . We find that petitioner is not entitled to court costs and disbursements. , affd. without published opinion ; , affd. per curiam , cert. denied . For the reasons set forth in , on appeal 6th Cir. September 24, 1984, *499 [6] we find that the "purported return" filed by petitioner was not a return for purposes of sections 6011, 6012, 6072, and 6651(a)(1). The evidence is clear, and respondent has met his burden of proving that petitioner's actions in this case were deliberate, intentional, and in complete disregard of the statutes and respondent's regulations. Petitioner has not alleged any reasonable cause for such failure to file and, thus, an addition to tax pursuant to section 6651(a)(1) is warranted. The addition to tax imposed by section 6651 is computed on the difference between the deficiency and the amount of tax withheld or $824.48. . Because petitioner did not file a return, he is subject to the maximum addition to tax under this section of 25 percent of this amount or $206.12. In determining petitioner's liability for an addition to tax pursuant to section 6653(a), we note that he has shown that he knew of his reporting duty and how properly *500 to report his income on his 1978 and 1979 tax returns. We conclude that respondent has met his burden of proving that petitioner's underpayment of tax was due to intentional disregard of rules and regulations and that an addition to tax pursuant to section 6653(a) in the amount of $336.22 is due based upon the analysis set forth in We come now to the final issue whether damages should be awarded under section 6673 for instituting this proceeding primarily for delay. Petitioner's conduct from the filing of his petition has demonstrated that his principal purpose has been to abuse the resources of this Court in order to delay the inevitable time of reckoning with respondent. For that reason, we award damages to the United States under section 6673 in the amount of $5,000. [7]
An appropriate *501 Order and Decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In conjunction with the Motion for Summary Judgment, respondent filed Respondent's Memorandum of Law, an affidavit of Mark E. Rizik, respondent's counsel, who has custody and control over the Commissioner of Internal Revenue's administrative files, and a number of exhibits. These exhibits include: A copy of the statutory notice sent to petitioner for the 1980 taxable year; a copy of the Form W-2 issued to petitioner for the 1980 taxable year; a copy of the 1980 purported "return" submitted by petitioner; a copy of petitioner's 1978 and 1979 tax returns (he filed joint returns during those years) with accompanying Forms W-2 and a Form CSC 8-255-A letter sent by respondent to petitioner dated Sept. 3, 1982. Additionally, an affidavit of Marjorie A. Wyman, respondent's employee in charge of the Illegal Tax Protestor Team at the Cincinnati Service Center for the Central Region of the Internal Revenue Service, was filed Feb. 16, 1984.↩
3. $34.60 of "Interest receipts" is reported by petitioner for 1980. This amount is also reported on line 31 as "Adjusted gross income." 4. The signature section of page 2 has also been modified by additing the following sentence: "Signed involuntarily, under threat of statutory punishment." At the bottom of the front page of the "form" the phrase "Copyright, Eugene J. May" is printed.↩
5. Such outside materials may consist of affidavits, interrogatories, admissions, documents, or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), .↩
6. This is one of the 23 cases set on this Court's March 5, 1984, trial calender involving tampered Forms 1040 and referred to in , on appeal 6th Cir. Sept. 24, 1984.↩
7. Section 292 of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574, and sec. 160 Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, increased the amount of damages that may be awarded under section 6673 from $500 to $5,000 for proceedings commenced after December 31, 1982 or if commenced prior thereto, pending as of Nov. 15, 1984.↩